Mr. Justice S WAYNE
 

 delivered the opinion of the coui't. ■
 

 On the 9th of January, 1861, the plaintiff in error recovered a judgment against the defendant in error for $1540. damages, and for costs. The cause of action was overdue interest coupons attached to bonds issued by the town of Beloit' in payment of its subscription to the stock of the Hacine, Janesville, and Mississippi Railroad Company, pursuant.to chapter 12 'of the local and private laws of Wisconsin, passed in 1853. The plaintiff in error instituted the proceedings in the court below to- obtain a writ of mandamus, directed to the town clerk of .the defendant, commanding him to assess the amount necessary to pay the judgnqent and interest, upon the taxable property of the town, and to place the assessment .upon the .next assessment and tax roll for collection. A,statute of Wisconsin
 
 *
 
 forbids the issuing of an execution against a town, and expressly prescribes this mode of procedure,.
 

 Ample authority to issue the writ is given by the statute. The proceedings on the part of the plaintiff in error are in all/things in strict conformity to its requirements. The power of the Circuit Court to issue writs of mandamus to State officers in proper cases is no longer an open question in this court; and it has been repeatedly held to be an appropriate remedy in the class of cases, to which the one lying at the
 
 *613
 
 foundation of this proceeding belongs.
 
 *
 
 We learn from the record that the court below denied the writ upon the ground ' that the statute under which the bonds were issued, provided .that the requisite tax should be levied by the supervisors of the town, and that this remedy was exclusive of. al-1 others. 'There' are several.obvious answers to this view of the subject. > We deem it sufficient to advert to one of . them. In the case of
 
 Bushnell
 
 v.
 
 Gates,
 

 †
 

 this precise ques-. tion, arising under the same circumstances, came before the Supreme Court of Wisconsin. It was held thát the objection was untenable, that the statute authorizing the. writ to go against the town clerk applied to the casé, and that it was conclusive. If there could otherwise have been any doubt, upon the question, this determination by the highest court. . of the State giving a construction to the statute under consideration, is unanswerable. We need not further consider the subject.
 

 ' The judgment below is reversed. A mandate will be sent to the Circuit Court, directing that an order be entered in the case
 

 In conformity with this opinion.
 

 *
 

 Ch. 15, § 77, Revised Statutes of 1858, p. 186.
 

 *
 

 The Commissioners of Knox Co.
 
 v.
 
 Aspinwall,
 
 24
 
 Howard, 376; Von Hoffman
 
 v.
 
 The City of Quincy,
 
 4
 
 Wallace, 535; Riggs
 
 v.
 
 Johnson County, 6 Id. 166.
 

 †
 

 Not yet reported.